UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESQUEDA-ALFARO,<br><br>          Movant-Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent-Plaintiff. | Crim. Case No.:  15cr0075 BTM<br>Civ. Case No.:    16cv415 BTM<br><br>**ORDER DENYING § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY** |

Defendant Jose Esqueda-Alfaro has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

On January 20, 2015, pursuant to a Plea Agreement, Defendant tendered a plea of guilty to Count One of the Information (attempted reentry of removed alien in violation of 8 U.S.C. § 1326(a) and (b)). In an order dated March 18, 2015, the Court accepted Defendant's plea of guilty.

On April 24, 2015, Defendant was sentenced to a 48-month term of imprisonment.

On May 4, 2015, Defendant filed a Notice of Appeal.

On November 5, 2015, the Ninth Circuit granted Defendant's motion for voluntarily dismissal of his appeal.

On February 16, 2016, Defendant filed the instant § 2255 motion.

## II. DISCUSSION

Defendant argues that his sentence should be reduced because he received a 16-point enhancement under USSG § 2L1.2(b)(1)(A), even though his convictions were over ten years old.[1]  According to Defendant, convictions over ten years old cannot be used to enhance sentences under federal law.  Defendant is incorrect.

Effective November 1, 2011, § 2L1.2(b)(1)(A) was amended to read:

If the defendant previously was deported, or unlawfully remained in the United States, after—

> (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels *if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points*;

Appendix C, amendment 754 (emphasis added).

For purposes of calculating criminal history, the Guidelines explain:

Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted*. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period*.

---

[1] According to the Presentence Report, in 1996, Defendant was convicted of Assault with a Deadly Weapon, a crime of violence, and in 1999, was convicted of Possession of Methamphetamine for Sale, a drug trafficking offense.

2

15cr0075 BTM

USSG § 4A1.2(e)(1) (emphasis added).

The amendment to § 2L1.2(b)(1)(A) was in response "to case law and public comment regarding the magnitude of the enhancement when a defendant's predicate conviction does not receive criminal history points." Commentary to amendment 754. Under amendment 754, "defendants with predicate offenses that qualify for an enhancement under subsections (b)(1)(A) and (b) continue to receive an enhancement, regardless of whether the prior convictions receive criminal history points under Chapter Four." Id. In contrast, "[o]ther provisions in the guidelines exclude consideration of a predicate conviction because of the age of the predicate conviction." Id.

Thus, the Sentencing Commission specifically considered the issue of the age of predicate convictions and enhancements under § 2L1.2b(b)(1)(A), and determined that if a prior conviction does not receive criminal history points under chapter Four, the enhancement is reduced to 12 levels. Defendant's prior convictions receive criminal history points because they resulted in sentences exceeding one year and one month, and resulted in Defendant being incarcerated until July 12, 2004 (within 15 years of the instant offense). Therefore, Defendant properly received a 16-level enhancement under § 2L1.2(b)(1)(A).

Defendant makes conclusory allegations of unconstitutional vagueness and violations of due process. Section 2L1.2(b)(1)(A) clearly delineates which convictions support a 16-level enhancement as opposed to a 12-level enhancement, and is not unconstitutionally vague. Furthermore, the application of § 2L1.2(b)(1)(A) does not violate Defendant's due process rights.

In addition to the fact that Defendant's arguments fail on the merits, Defendant's collateral attack is also barred by the Plea Agreement. The Plea Agreement provides:

> In exchange for the Government's concessions in the plea agreement, defendant waives, to the full extent of the law, any

>right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range (pursuant to USSG § 5G1.1) recommended by the Government pursuant to this agreement at the time of sentencing. . . . If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(Plea Agreement § XI.)

The Government recommended a sentence of 63 months and 3 years of supervised release, which was based on an adjusted offense level of 19 that included the downward departures for Acceptance of Responsibility and Fast Track set forth in the Plea Agreement. (Plea Agreement § 10.)  The Plea Agreement specifically provided that the parties were free to argue for the applicability of any Specific Offense Characteristic pursuant to USSG § 2L1.2(b), at the time of sentencing. (Plea Agreement at footnote 1.)  The Plea Agreement also provided that there was no agreement as to Criminal History Category. (Plea Agreement § X.D.)  The Court sentenced Defendant to 48 months.

A waiver of appeal and/or collateral attack of a conviction is enforceable if knowingly and voluntarily made. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).  Defendant does not argue that his attorney was ineffective in advising him regarding the Plea Agreement or that his plea was otherwise unknowing or involuntary.  Defendant's sole argument is that his sentence should not have been enhanced due to the age of his convictions.

Accordingly, Defendant's § 2255 motion is **DENIED** as barred by the Plea Agreement as well as on the merits.

## III. CONCLUSION

For the reasons discussed above, Defendant's § 2255 motion is **DENIED**. The Court **DENIES** a Certificate of Appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated:  May 4, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court